UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN WINGATE and DANIELLE
WINGATE,

                    Plaintiffs,

                              Case No.: 8:11-cv-223-T-33AEP

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, FEDERAL EMERGENCY
MANAGEMENT AGENCY,

                    Defendant.
_____/

**ORDER**

This matter is before the Court upon consideration of Defendant's Motion for Summary Judgment (Doc. # 19), which was filed on December 2, 2011. Plaintiffs filed a Response (Doc. # 24) on January 17, 2012, and Defendant filed a Reply (Doc. # 27) on February 10, 2012. For the reasons that follow, the Court denies the Motion for Summary Judgment without prejudice.

**I.  Background**

Plaintiffs initiated this Freedom of Information Act case against Defendant pursuant to 5 U.S.C. § 522 on February 2, 2011. (Doc. # 1). Plaintiffs allege that they requested information pursuant to the Act, and that Defendant, among other things, "failed to perform an adequate search for responsive documents [and] wrongfully withheld responsive

agency records from Plaintiffs." (Doc. # 1 at ¶¶ 17-18).

Defendant seeks summary judgment, arguing, inter alia, that Plaintiffs' action is moot. Plaintiffs, on the other hand, argue that the Motion was prematurely filed and request the opportunity to conduct additional discovery pursuant to Rule 56(d), Fed.R.Civ.P.

## II. <u>Analysis</u>

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As stated in <u>Blumel v. Mylander</u>, 919 F. Supp. 423, 428 (M.D. Fla. 1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has determined that "summary judgment may only be decided upon an adequate record." <u>Snook v. Trust Co. of Ga. Bank</u>, 859 F.2d 865, 870 (11th Cir. 1988).

The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual

2

materials submitted in support of the motion by
conducting sufficient discovery so as to enable him
to determine whether he can furnish opposing
affidavits. If the documents or other discovery
sought would be relevant to the issues presented by
the motion for summary judgment, the opposing party
should be allowed the opportunity to utilize the
discovery process to gain access to the requested
materials. Generally summary judgment is
inappropriate when the party opposing the motion
has been unable to obtain responses to his
discovery requests.

Id. at 870 (internal citations omitted).

Plaintiffs point out that the April 30, 2012, discovery
deadline has yet to expire and note that Defendant "objected
to answering interrogatories necessary to complete discovery
and furnished incomplete, unsworn answers as of the date of
this response." (Doc. # 24 at 3). In addition to pointing out
Defendant's failure to adequately respond to discovery
requests, Plaintiffs maintain that they intend to take
additional depositions and assert a formal request for an
order denying the Motion as premature pursuant to Rule 56(d),
Fed.R.Civ.P.

Upon due consideration, the Court determines that
Defendant's Motion for Summary Judgment should be denied
without prejudice as prematurely filed.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion for Summary Judgment (Doc. # 19) is

**DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of March, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record