```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

BRIAN WINGATE and DANIELLE
WINGATE,

              Plaintiffs,
v.                             Case No. 8:11-cv-223-T-33AEP

U.S. DEPARTMENT OF HOMELAND
SECURITY, FEDERAL EMERGENCY
MANAGEMENT AGENCY,

              Defendant.
_____/

**<u>ORDER</u>**

This cause is before the Court pursuant to Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. # 36), which was filed on April 24, 2012. Plaintiffs filed a Response in Opposition to the Motion (Doc. # 39) on May 4, 2012, and Defendant filed a Reply Memorandum (Doc. # 45) on May 16, 2012. For the reasons that follow, the Motion to Dismiss is granted.

**I.   <u>Background</u>**

Plaintiffs seek information from the Federal Emergency Management Agency (FEMA) concerning "communications regarding the City of Tarpon Springs, Florida or the residence located at 2013 Harbour Watch Circle, Tarpon Springs, Florida 34689, between January 1, 2007 and the present date" pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (FOIA). (Doc. # 1-1

at 1). Lee L. Haas, Esq., counsel for Plaintiffs, sent various FOIA requests to FEMA, but failed to include Plaintiffs' names on correspondence with FEMA. When FEMA failed to provide the information requested by Mr. Haas, Plaintiffs filed their Complaint for Injunctive Relief (Doc. # 1) on February 2, 2011. Plaintiffs attached a copy of the FOIA requests and related correspondence to the Complaint.

Defendant seeks an order dismissing the Complaint pursuant to Rule 12(b)(1), Fed.R.Civ.P., based on the fact that Plaintiffs' names do not appear on the FOIA requests and correspondence.

## II. **Legal Standard**

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp.,

323 F.3d 920, 924 n.5 (11th Cir. 2003). On a facial challenge, such as in the present case, the plaintiff enjoys safeguards similar to those provided in the context of a Rule 12(b)(6) motion to dismiss. Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994)("[T]he non-moving party receives the same protection as it would defending against a motion brought under Rule 12(b)(6).")(internal citations omitted). Thus, the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Id. In addition, the Court limits its analysis to the Compliant and the exhibits thereto. Id.

### III. Analysis

Because Plaintiffs were not mentioned by name in the FOIA requests or related correspondence, FEMA asserts that Plaintiffs lack standing to bring this suit. "[T]he requirement that a claimant have standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Davis v. Fed. Election Comm'n, 554 U.S. 724, 747 (2008). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction." Cone Corp. v. Fla. Dep't of Transp., 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991).

The courts that have addressed this issue have determined that undisclosed FOIA applicants lack standing to sue in district court when their FOIA requests are denied. For instance, in McDonnell v. United States, 4 F.3d 1227 (3d Cir. 1993), two authors, Robert McDonnell and Frederick Rasmussen, filed suit when the FBI and the Navy failed to comply with FOIA requests. Id. at 1233. However, only McDonnell's name appeared on the FOIA requests; aside from a single passing reference, Rasmussen's name did not appear on the requests. Id. at 1238 n.6.

When McDonnell and Rasmussen filed an action to compel the disclosure of the information sought, the court determined, "a person whose name does not appear on a request for records has not made a formal request for documents within the meaning of the statute. Such a person, regardless of his or her personal interest in disclosure of the requested documents, has no right to receive either the documents or notice of an agency decision to withhold the documents." Id. at 1236-37. The court concluded, "a person like Rasmussen whose name does not appear on a FOIA request for records may not sue in district court when the agency refuses to release the requested documents because he has not administratively asserted a right to receive them in the first place." Id. at

1237.

Here, Plaintiffs were not identified in the FOIA requests or other correspondence before the Court. Plaintiffs argue that they were not required to be mentioned by name because their attorney submitted the request in a representative capacity. The Court rejects this argument as it did in the case of Cherry v. Federal Communications Commission, 8:09-cv-680-T-33EAJ, 2009 U.S. Dist. LEXIS 112276 (M.D. Fla. Dec. 3, 2009). There, Cherry's counsel, Percy Squire, Esq., submitted FOIA requests to the FCC, and Cherry contended that the FCC failed to comply with such requests. Id. at *4.

When Cherry filed an action in this Court, the undersigned dismissed said action for lack of subject matter jurisdiction, regardless of the fact that Attorney Squire submitted the FOIA request to the FCC in a representative capacity: "Cherry lacks standing to bring the FOIA Complaint because the relevant FOIA requests did not disclose Cherry as the interested party." Id. at *7. See also Mahtesian v. United States Office of Pers. Mgmt., 388 F. Supp. 2d 1047, 1048 (N.D. Cal. 2005)("The issue here . . . is whether a person or entity who is undisclosed in the FOIA request – or disclosed only as an anonymous 'client'– has standing to sue under FOIA in federal court. While the question has not yet

5

been addressed by the Ninth Circuit, every court that has considered the issue has held that the answer is no."); Brown v. United States Envtl. Protection Agency, 384 F. Supp. 2d 271, 276 (D.D.C. 2005)("[S]everal courts have dismissed FOIA claims for lack of standing where plaintiff's counsel submitted a request for documents to an agency without including the plaintiff's name on the request or stating that the request was being filed on behalf of the plaintiff.").[1]

The Court also finds unavailing Plaintiffs' argument that they have standing because their counsel identified them in a series of telephone calls to the Department of Homeland Security. The case law does not support Plaintiffs' contention, and Plaintiffs have not supplied the Court with any support for this misguided proposition. FOIA requests must be in writing, 31 C.F.R. § 1.5(c)(1), and because the FOIA requests at issue did not indicate that they were presented by or on behalf of the Wingates, or otherwise

---

[1] In Brown, the court determined that Brown had standing to pursue a FOIA action even though her FOIA request was submitted by her counsel. 384 F. Supp. 2d at 277. There, "Plaintiff's counsel stated in the first line of his [FOIA] request to the EPA . . . that 'I represent Paula D. Brown,' and that 'Ms. Brown has hired me to obtain certain documentation pursuant to FOIA.'" Id. at 276. In addition, Ms. Brown signed the FOIA request and indicated that she authorized her counsel to make the FIOA request on her behalf. Id.

6

mention the Wingates by name, the Wingates lack standing to bring the present action. The Court accordingly dismisses this action. Furthermore, the Court roundly rejects Plaintiffs' argument that FEMA has waived its right to challenge Plaintiffs' standing. Standing is a threshold jurisdictional question that cannot be waived. See <u>Lewis v. Casey</u>, 518 U.S. 343, 349 n. 1 (1996)("[S]tanding, which is jurisdictional [is] not subject to waiver."); <u>Maverick Media Group, Inc. v. Hillsborough County</u>, 528 F.3d 817, 819 (11th Cir. 2008)("[S]tanding requirements are jurisdictional . . . and, therefore cannot be waived or otherwise conferred upon the court by the parties.")(internal citation omitted).

In addition, the Court denies Plaintiffs' belated and deficient request for leave "to have the real party in interest substituted into the case in accordance with Fed.R.Civ.P. 17(a)(3)." (Doc. # 39 at 4). As argued by FEMA, "[a] real party in interest cannot step in to create standing where there is none at the outset." (Doc. # 45 at 4). If a plaintiff lacks standing, such plaintiff also lacks the ability to substitute a real party in interest. See <u>Live Entm't, Inc. v. Digex, Inc.</u>, 300 F. Supp. 2d 1273, 1279-80 (S.D. Fla. 2003)("Live Entertainment has no standing to bring this action and no standing to make a motion to substitute the

real party in interest."); Summit Office Park, Inc. v. U.S. Steel Corp., 639 F.2d 1278, 1282 (5th Cir. Mar. 19, 1981)("[W]here a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs . . .").[2]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. # 36) is **GRANTED.**

(2) The Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of May, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.