```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

BRIAN WINGATE and DANIELLE
WINGATE,

              Plaintiffs,

v.                           Case No. 8:11-cv-223-T-33AEP

U.S. DEPARTMENT OF HOMELAND
SECURITY, FEDERAL EMERGENCY
MANAGEMENT AGENCY,

              Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiffs' Motion to Vacate Judgment of Dismissal (Doc. # 50), filed on June 28, 2012. Defendant filed a Response in Opposition (Doc. # 51) on July 6, 2012. For the reasons that follow, the Court denies the Motion.

**I.   Background**

Plaintiffs sought information from the Federal Emergency Management Agency (FEMA) concerning "communications regarding the City of Tarpon Springs, Florida or the residence located at 2013 Harbour Watch Circle, Tarpon Springs, Florida 34689, between January 1, 2007 and the present date" pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (FOIA). (Doc. # 1-1 at 1). Plaintiffs were represented by Lee L. Haas, Esq., who sent various FOIA requests to FEMA, but failed to include

Plaintiffs' names on the FOIA requests. When FEMA failed to provide the information requested by Mr. Haas, Plaintiffs filed their Complaint for Injunctive Relief (Doc. # 1) on February 2, 2011. Plaintiffs attached a copy of the FOIA requests and related correspondence to the Complaint.

On April 24, 2012, Defendant sought an order dismissing the Complaint pursuant to Rule 12(b)(1), Fed.R.Civ.P., based on the fact that Plaintiffs' names do not appear on the FOIA requests and correspondence. (Doc. # 36). On May 31, 2012, after hearing from Plaintiffs (Doc. # 39), the Court entered an Order dismissing this case. (Doc. # 49). The Court explained that because the Plaintiffs were not disclosed by name in the FOIA requests, they lacked standing to bring the present suit. At this juncture, Plaintiffs assert that they have new evidence warranting reconsideration of the Court's dismissal of their case.

## II. Legal Standard

Plaintiffs' motion for reconsideration will be decided under Rule 59(e) of the Federal Rules of Civil Procedure. Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005). As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308

(M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. Further, as explained in Ludwig, 2005 U.S. Dist. LEXIS 37718, at *8, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at 9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

3

### III. Analysis

In dismissing the present case due to Plaintiffs' lack of standing, this Court focused on the fact that "Plaintiffs were not mentioned by name in the FOIA requests or related correspondence." (Doc. # 49 at 3). Seeking reconsideration after this case has been closed, Plaintiffs come forward with correspondence from Senator Bill Nelson in which Senator Nelson reports on the results of his inquiry on Plaintiffs' behalf to FEMA. The documents include a facsimile from FEMA to Senator Nelson dated August 6, 2010, referencing Brian Wingate and a letter dated July 30, 2010, similarly referencing Brian Wingate. (Doc. # 50 at 6-7). To be certain, Plaintiffs have now provided this Court with some FEMA documents referring to Brian Wingate. However, at this belated juncture, the Court determines that these documents do not warrant reconsideration.

First, the Court finds that the documents do not constitute "new evidence" because Plaintiffs candidly admit that they had the documents on file prior to the entry of the Court's Order of dismissal. As discussed in Taylor v. Texgas Corp., 831 F.2d 255, 259 (11th Cir. 1987), "Unexcused failure to produce the relevant evidence at the original trial can be sufficient, without more, to warrant denial [of a motion for

4

reconsideration] . . . . Moreover, evidence cannot be 'newly discovered' . . . if it is in the possession of the moving party or that party's attorney prior to the entry of judgment." Here, Plaintiffs had the correspondence all along, and only now bring the evidence to the Court for consideration. This is not new evidence and cannot support Plaintiffs' request for reconsideration.

Even if the Court were to consider this belatedly submitted evidence, such evidence would not change the outcome of this case. As noted, Defendant raised a Rule 12(b)(1) facial challenge to the Court's jurisdiction. In conducting its analysis, the Court was confined to the four corners of the Complaint and attached exhibits (the initial FOIA request made by attorney Haas on February 8, 2010, and his subsequent communications with FEMA). The correspondence from Senator Nelson concerning the Wingates, dated six months after attorney Haas's FOIA request to FEMA, has no bearing on the issue of whether Plaintiffs' Complaint establishes the Court's jurisdiction.

Plaintiffs' standing in a FOIA enforcement case does not turn on the fact that a letter or facsimile, sent months after the initial FEMA request was made, might indicate that attorney Haas represents the Wingates. As explained in Cherry

5

v. Federal Communications Commission, No. 8:09-cv-680-T-33EAJ, 2009 U.S. Dist. LEXIS 112276 (M.D. Fla. Dec. 3, 2009), "a person whose name does not appear on a request for records has not made a formal request for documents within the meaning of the statute. Such person, regardless of his or her personal interest in disclosure of the requested documents, has no right to receive either the documents or notice of the agency's decision to withhold the documents." Id. at *7 (internal citation omitted).

As this Court has previously noted, FOIA requests must be in writing, 31 C.F.R. § 1.5(c)(1), and because the FOIA requests at issue did not indicate that they were presented by or on behalf of the Wingates, or otherwise mention the Wingates by name, the Wingates lack standing to bring the present action. The Court declines to reconsider its dismissal of this action for lack of subject matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion to Vacate Judgment of Dismissal (Doc. # 50) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of July 2012.

6

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record